```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SCOTT DIAZ,                    :
   Petitioner,                 :
                               :
VS.                            :    No. 3:94CR00026 (AVC)
                               :    No. 3:97CV00719 (AVC)
UNITED STATES OF AMERICA,      :
   Respondent.                 :
                               :
```

### RULING ON THE GOVERNMENT'S MOTION
### FOR RECONSIDERATION

This is a motion seeking reconsideration of the court's July 7, 2005 ruling vacating an enhancement imposed on the petitioner at sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  In the court's July 7, 2005 ruling, the court found that the petitioner did not receive constitutionally effective assistance of counsel because his attorney at sentencing failed to object to the use of an uncounseled prior conviction for robbery 2 in imposing a sentencing enhancement under the ACCA.  The court further found that, while the record demonstrated that the petitioner had also been convicted of felony possession of a weapon at a correctional facility in violation of Conn. Gen. Stat. § 53a-174a, that conviction could not serve as a substitute for justifying the enhancement because, like the robbery conviction, that conviction was also uncounseled and appeared to have been rendered <u>in</u> <u>absentia</u>.  The court therefore vacated the ACCA enhancement and ordered the government to show cause why the petitioner should not be immediately released from custody.

On July 7, 2005, the government moved for reconsideration of

the court's July 7, 2005 order, arguing that "recently discovered information" demonstrated that the petitioner was represented by counsel in connection with the weapons conviction and accordingly, that conviction properly serves as a substitute for authorizing the ACCA enhancement.

For the reasons hereinafter set forth, the motion for reconsideration is GRANTED.  The court's order of July 7, 2005 is VACATED and the clerk of the court is ordered to substitute therefore an order that the petitioner's renewed motion for writ of habeas corpus is DENIED.  This order shall be without prejudice pending a new evidentiary hearing to be scheduled by the clerk.

## FACTS

The background giving rise to the instant action is more fully discussed in the court's July 5, 2005 decision.  See United States v. Diaz, – F.Supp.2d –, 2005 WL 1591556 (D. Conn. July 5, 2005).  While familiarity is presumed, the court will briefly outline the relevant background here.

For over eight years, the petitioner has claimed that he was denied constitutionally effective assistance of counsel at sentencing because his attorney failed to object to the court's use of his prior state court conviction for robbery 2 in enhancing his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1]  In the petitioner's view, that

---

[1] The petitioner does not dispute that two other felony convictions in his criminal history constitute valid predicates

conviction, as uncounseled, was obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), and as such could not serve as a predicate for enhancing his sentence under the ACCA.  See e.g., Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258 (1967).[2]

On August 31, 2004, the parties appeared for evidentiary hearing on the claim.  At the hearing, the government abandoned the proposition that the robbery conviction constituted a valid predicate for imposing the ACCA enhancement, and instead maintained that even if the court improperly relied on an uncounseled robbery conviction, the petitioner suffered no prejudice because he had been convicted of another crime which could be substituted for that conviction, namely, the crime of criminal possession of a weapon at a correctional facility in violation of Conn. Gen. Stat. § 53a-174a.  The charged stemmed from an incident at Somers Correctional Institution where the petitioner was involved in a knife fight with another inmate.

The petitioner did not dispute either that he participated in a knife fight or that he was disciplined by the department of corrections for his conduct.  The petitioner did, however,

---

under the ACCA, that is, the petitioner's November 22, 1985 convictions for possession with intent to distribute cocaine and assault in the first degree.

[2] See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258 (1967)(a conviction obtained in violation of Gideon may not "be used against a person either to support guilt or enhance punishment for another offense").

challenge the validity of the conviction under Gideon by testifying that he could not remember being charged criminally with possessing a weapon or appearing in court to face charges.

In response, the government offered a certified copy of a judgment mittimus that stated that, on July 11, 1989, the petitioner was convicted of the crime of possessing a weapon in a correctional facility in violation of Conn. Gen. Stat. § 53a-174a in the Connecticut superior court and that he received a sentence of one year for the offense.  The government also offered the testimony of one Susan Shepard, a records specialist with the Connecticut department of corrections.  Shepard testified that a judgment mittimus is an official record of the conviction that is created by the court at the time of sentencing.  Shepard also testified that, according to records maintained in the department of corrections master file, the petitioner's 1989 conviction stemmed from a knife fight that occurred on May 4, 1989 while he was incarcerated at Somers.

In support of his claim that he did not recall being brought to court to face the charge, the petitioner pointed out that: (1) the judgment mittimus does not contain an acknowledgment that the petitioner was ever actually delivered to the court, though the entire bottom section of the judgment document demands such information and other judgments mittimus moved into evidence reflect a properly executed acknowledgment; (2) that Somers Correctional Institute did not actually receive the judgment until July 12, 1989, that is, one full day after the petitioner's

4

alleged appearance in court, though by custom the judgment travels with the convict and is presented to the department of corrections upon the inmate's return to the facility, usually the very same day of the conviction.  Further, Shepard testified that inmates have been sentenced <u>in</u> <u>absentia</u>, and in this case, no docket sheet was produced to better illuminate that proceeding or prove that the petitioner had been represented by counsel.

On July 5, 2005, the court weighed the evidence and found that the petitioner had demonstrated by a preponderance of the evidence that he was convicted and sentenced <u>in</u> <u>absentia</u> of the crime of criminal possession of a weapon at a correctional facility in violation of Conn. Gen. Stat. § 53a-174a, and that he was not represented by counsel in that matter.  Agreeing with the petitioner that neither the robbery 2 conviction nor the weapons conviction could serve as a predicate for imposing the ACCA enhancement, the court vacated the enhancement and granted the motion for habeas relief.

On July 7, 2005, the government moved for reconsideration, arguing that "recently discovered information" demonstrated that the petitioner was represented by counsel in connection with the weapons conviction and, accordingly, that conviction properly serves as a substitute for authorizing the ACCA enhancement.  In particular, the government attached to its motion a certified copy of what it claims to be a Connecticut superior court docket sheet indicating that the petitioner was represented by attorney "V.J. Giedraitis" at the time he tendered his guilty plea and at

sentencing.  In margin notes, the docket sheet reflects that "prior pleas and elections [were] withdrawn" when the petitioner was "put to plea on [the charge of violation of Conn. Gen. Stat. §] 53a-174a" and entered a plea of "guilty."

In addition, the government furnished the court with an affidavit from the Connecticut superior court judge who presided at the 1989 case, Hon. Michael A. Mack.  In his affidavit, Judge Mack attests that he has a "general recollection of the matter," that the petitioner was represented by "Vincent Giedraitis," that to the best of his recollection, he did not accept the guilty plea <u>in absentia</u>, and that as a judge assigned to habeas corpus proceedings, he "knew it would be erroneous to accept a guilty plea <u>in absentia</u>."

### **DISCUSSION**

The government seeks reconsideration of the court's July 5, 2005 ruling, arguing that newly discovered evidence in the form of a docket sheet and a judge's affidavit prove that the petitioner was neither convicted <u>in absentia</u> nor unrepresented by counsel at the time of the weapons conviction and, accordingly, that conviction properly serves as a substitute for authorizing the ACCA enhancement.[3]  In response, the petitioner maintains

---

[3] The government also argues that, contrary to the petitioner's argument in his renewed petition, the crime of possession of a weapon in a correctional facility under Conn. Gen. Stat. § 53a-147a is a violent felony offense and, hence, serves as a valid predicate for an enhancement under the ACCA.  The court agrees with the government.  <u>See</u> <u>United States v. Vahovick</u>, 160 F.3d 395 (7th Cir. 1998).  Although the court in

6

that, because the docket sheet and the judge's testimony were readily available to the government at the time of the August 2004 hearing, the government is not entitled to reconsideration of this matter because it cannot not show that, despite due diligence, it could not have discovered this evidence at the time of the hearing. In reply, the government maintains that, as it has "submitted evidence which conclusively demonstrate[s] that the [c]ourt misinterpreted the import of [the evidence during the August 31, 2004 evidentiary hearing]. . . "it would be clear error for the [c]ourt's finding. . . to stand as demonstrated by the docket sheet and [the judge's] affidavit."

Reconsideration of a previous ruling is appropriate where "there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). Where reconsideration of a previous ruling would require a court to reopen an evidentiary hearing, the moving party is generally required to demonstrate

---

Vahovick was interpreting U.S.S.G. § 4B1.1 and § 4B1.2, the career offender guideline section, the Second Circuit looks to cases interpreting that section in interpreting the ACCA. United States v. Jackson, 301 F.3d 59, 61 (2d Cir. 2002). Further, while the court did not reach the petitioner's alternative arguments for relief in its July 5, 2005 ruling, including that application of the ACCA to his case violates Blakely v. Washington, 542 U.S. 296 (2004), or that the government should be estopped from using the weapon's conviction in establishing that he was an armed criminal, the court has considered these arguments and concludes that they are without merit.

that the evidence was unknown and could not through due diligence reasonably have been discovered at the time of the original hearing.  United States v. Nezaj, 668 F. Supp. 330, 332 (S.D.N.Y. 1987).  If the moving party is unable to show due diligence, a court may nevertheless reopen that proceeding if the proffered evidence "indicate[s] that no constitutional violation occurred, [as] society's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration." United States v. Regilio, 669 F.2d 1169, 1177 (7th Cir. 1981). See also United States v. Bayless, 210 F.3d 116, 131 (2d Cir. 2000)(declining to adopt a bright line rule requiring the moving party to justify a failure to present all relevant evidence at the time of the original hearing).  A judgment may be reopened only upon showing of exceptional circumstances, Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986), and evidence which is merely cumulative or impeaching does not ordinarily constitute the basis for reopening a hearing.  United States v. Oates, 445 F. Supp. 351, 353 (E.D.N.Y. 1978).

   Reconsideration is warranted in this case as new evidence has been presented that, upon review, may prevent manifest injustice.  That new evidence consists of a docket sheet or court calendar[4], which, standing alone, constitutes compelling evidence

---

[4] It is not clear whether the document is a calendar or docket sheet.  The government has also furnished the court with an affidavit signed by the presiding judge at that proceeding in which that officer attests to his recollection that the

8

that the petitioner was not convicted in absentia and was represented by counsel at the time of his guilty plea and sentencing for possession of a weapon in a correctional facility. Although the government fails to justify its failure to present this evidence at the August 31, 2004 hearing, the court will not require a justification – as exceptional circumstances are presented here, that is, evidence which is not offered simply for impeachment and which, standing alone, appears like a club to defeat any claim that the petitioner has been constitutionally aggrieved.  Accordingly, the court will authorize a reopening of the record in this matter.

While the newly furnished evidence is exceptional and appears to cast significant doubt on the petitioner's claims, the evidence is simply an attachment to a motion that has not been properly received into the evidentiary record.  Accordingly, the court will schedule a hearing for purposes of considering the new evidence, and any further evidence the petitioner may wish to present in rebuttal, including testimony from attorney Giedraitis.

## CONCLUSION

For the reasons hereinafter set forth, the motion for reconsideration is GRANTED.  The court's order of July 7, 2005 is VACATED and the clerk of the court is ordered to substitute

---

petitioner was represented by counsel and not sentenced in absential.  The court expressly does not consider that testimony at this juncture.

9

therefore an order that the petitioner's renewed motion for writ of habeas corpus is DENIED.  This order shall be without prejudice pending a new evidentiary hearing to be scheduled by the clerk.

It is so ordered this 27th day of July, 2005 at Hartford, Connecticut.

```
_____        _____/s/_____
                                        Alfred V. Covello
                                   United States District Judge
```